In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-21-00100-CV
_____

## IN RE LONNIE KADE WELSH

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 15-01-0659-CV**

## MEMORANDUM OPINION

In a petition asking this Court to grant a petition for mandamus, Lonnie Kade Welsh seeks a ruling overturning the results the State obtained in the lawsuit that ended in a judgment committing Welsh as a sexually violent predator in trial court cause number 15-05-00659-CV.[1] Welsh lists six overlapping claims in the table of contents accompanying his petition. His complaints fall within the three categories and complain: (1) The charge contains error; (2) the evidence is insufficient to support the jury's finding that Welsh is a sexually violent predator; and (3) the trial

---

[1]*See generally In re Commitment of Welsh*, No. 09-15-00498-CV, 2016 WL 4483165, at *1 (Tex. App.—Beaumont Aug. 25, 2016, pet. denied) (mem. op.).

and appellate attorneys assigned to represent Welsh at his trial and in his appeal failed to discharge the duties they owed Welsh to provide him with effective assistance of counsel.[2] In the petition Welsh filed in this Court, however, he failed to include an appendix containing the documents supporting his claims.[3]

Under Texas law, a court may grant a petition for mandamus to correct a clear abuse of discretion when no adequate remedy exists through an ordinary appeal.[4] For that reason, a court may not grant relief on a realtor's petition for mandamus relief to the extent the relator is complaining about matters that could have been raised in an ordinary appeal.[5]

Two of Welsh's three claims cannot be considered on their merits, as Welsh could have but failed to present them in the regular appeal he filed from the final judgment in cause number 15-01-0659-CV. Thus he cannot now complain the record

---

[2]U.S. CONST. amend. VI (providing that in "all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence"); *see Strickland v. Washington*, 466 U.S. 668 (1984).

[3]*See* Tex. R. App. P. 52.3(k); *see also* Tex. R. App. P. 52.7. Welsh's petition is also defective for other reasons, including that he fails to identify information about the Respondent judge. *See* Tex. R. App. P. 52.2. But since Welsh identified the trial court cause number, we apply Rule 2 and overlook the fact that his petition does not strictly comply with the requirements of Rule 52 to expedite our resolution of the arguments he presented to support the petition he filed. *See* Tex. R. App. P. 2.

[4]*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).

[5]*See In re Luna*, No. 07-10-00079-CV, 2010 WL 1050236, at *2 (Tex. App.—Amarillo Mar. 23, 2010, orig. proceeding) (denying mandamus relief where relator failed to show how the complaint could not have been raised in an appeal).

2

is insufficient to support the final judgment in trial court cause number 15-01-0659-CV and he cannot complain about alleged errors in the charge. Welsh's remaining claim, which alleges he received ineffective assistance of trial and appellate counsel, are also unavailing because his petition seeking mandamus relief does not show he presented these claims in the trial court through a proper pleading that would have authorized that court, in the first instance, to address his claims.[6] And assuming without deciding that claims of ineffective assistance are cognizable in a civil-commitment proceeding challenged by filing a writ of mandamus—a matter we expressly do not decide—Welsh must first present these claims to the trial court and before we may reach them when conducting our mandamus review even if they are cognizable. Even then, he must show the trial court that his claims of ineffective assistance are based on facts "firmly founded in the record."[7] No such evidence is before us here.

---

[6]*See* Tex. R. App. P. 52.7(a). The 435th District Court retains jurisdiction over Welsh's commitment and any modification of the civil commitment order or procedure for Welsh's release from the commitment order. *See In re Welsh*, No. 09-18-00126-CV, 2018 WL 1864729, at *1 (Tex. App.—Beaumont Apr. 19, 2018, orig. proceeding [mand. denied]) (mem. op.). A person's civil commitment "continues until the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence." Tex. Health & Safety Code Ann. § 841.081(a).

[7]*See In re Commitment of Garcia*, No. 09-13-00235-CV, 2014 WL 5490938, at *2 (Tex. App.–Beaumont Oct. 30, 2014, pet. denied) (mem. op.).

Having reviewed Welsh's petition, we conclude he has not shown he is entitled to relief. Accordingly, Welsh's petition for writ of mandamus is denied.[8]

PETITION DENIED.

PER CURIAM

Submitted on May 12, 2021
Opinion Delivered May 13, 2021

Before Kreger, Horton and Johnson, JJ.

---

[8]*See* Tex. R. App. P. 52.8(a).